**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| NATHAN SMITH,<br><br>        Plaintiff,<br><br>v.<br><br>HORIZON GLOBAL CORPORATION, JOHN C. KENNEDY, JOHN F. BARRETT, DONNA M. COSTELLO, RYAN LANGDON, BRETT N. MILGRIM, DEBRA OLER, and MARK D. WEBER,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Nathan Smith ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Plaintiff against Horizon Global Corporation ("Horizon" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by First Brands Group, LLC ("First Brands").[1]

2. On December 30, 2022, the Company entered into an Agreement and Plan of

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

Merger (the "Merger Agreement") with First Brands and First Brands' wholly owned subsidiary PHX Merger Sub, Inc. ("Merger Sub"). The Merger Agreement provides that Horizon stockholders will receive $36.00 in cash per share of Horizon common stock, via a tender offer (the "Tender Offer"). [2]

3. The Company's corporate directors subsequently authorized the January 10, 2023, filing of a materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC. The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] Merger Sub commenced the Tender Offer on January 10, 2023.

[3] The Tender Offer is currently scheduled to expire at one minute after 11:59 p.m., Eastern Time, on February 6, 2023.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9. Plaintiff is and has been at all times relevant hereto, the owner of Horizon common stock.

10. Defendant Horizon is a Delaware corporation with its principal executive offices located at 47912 Halyard Drive, Suite 100, Plymouth, Michigan 48170.  Horizon's shares trade on the New York Stock Exchange under the ticker symbol "HZN."  Horizon designs, manufactures and distributes a variety of high-quality, custom-engineered towing, trailering, cargo management and other related accessory products, operating in the North American, European and African markets.  The Company primarily services the aftermarket, automotive original equipment manufacturers ("automotive OEMs") and automotive original equipment servicers ("automotive OESs") (collectively "OEs"), retail, e-commerce and industrial channels, and supports its customers generally through a regional service and delivery model.

3

11. Defendant John C. Kennedy is Interim President and Chief Executive Officer of the Company and is and has been Chair of the Board and a director of the Company at all times relevant hereto.

12. Defendant John F. Barrett is and has been a director of the Company at all times relevant hereto.

13. Defendant Donna M. Costello is and has been a director of the Company at all times relevant hereto.

14. Defendant Ryan Langdon is and has been a director of the Company at all times relevant hereto.

15. Defendant Brett N. Milgrim is and has been a director of the Company at all times relevant hereto.

16. Defendant Debra Oler is and has been a director of the Company at all times relevant hereto.

17. Defendant Mark D. Weber is and has been a director of the Company at all times relevant hereto.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On January 3, 2023, the Company announced in relevant part:

PLYMOUTH, Mich.--(BUSINESS WIRE)-- Horizon Global Corporation (NYSE: HZN) ("Horizon Global"), one of the world's leading manufacturers of branded towing and trailering equipment, today announced it has entered into a definitive merger agreement with First Brands Group, LLC ("First Brands"), a global automotive parts manufacturer that serves the worldwide automotive

4

aftermarket, pursuant to which First Brands will acquire Horizon Global (the "Transaction"). The terms of the Transaction include an all-cash tender offer, which upon successful closing will entitle each stockholder of Horizon Global's common stock to receive cash consideration of $1.75 per share.

Highlights of the Transaction:

- The Transaction will result in a collection of market leading brands within the automotive industry, serving both OEM and the aftermarket channels under one group. Horizon Global's portfolio of pioneering towing and trailering brands and innovative products are complementary to First Brand's well recognized portfolio of braking solutions, filters, wiper blades, gas springs, spark plugs and fuel and water pumps, offering best-in-class technology, engineering, manufacturing and customer service.

- The combined group will have improved access to capital to ensure the continued growth and product development that has been a long-term strategic priority for Horizon Global, enabling the group to focus on serving its broad customer base without interruption.

- Despite the difficult market backdrop, the Transaction represents a 31% premium to the trading price prior to the strategic alternative announcement in August 2022, and a 237% premium over the 30 day volume weighted trading price in Horizon Global's common stock.

"The Transaction represents the culmination of a thorough review of strategic alternatives announced in August and represents what we believe is the best outcome for our customers, suppliers, shareholders and employees," stated Horizon Global's interim CEO and Board Chair John C. Kennedy. "After consideration of a number of different alternatives, the Board believes this Transaction is the best path forward for shareholders to address Horizon Global's capital needs while supporting the long-term growth and sustainability of Horizon Global's business. Our management team and employees of Horizon Global are committed to delivering innovative, high-quality towing and trailering products, and this Transaction provides the resources needed to deliver on that commitment."

"We are pleased to welcome Horizon Global to the First Brands family, we are excited to build on Horizon Global's established products, brands and customers and we look forward to realizing benefits for both Horizon Global and First Brands as we move forward," stated Guy Andrysick, Executive Vice President, First Brands.

5

The closing of the Transaction is subject to certain conditions, including the tender of shares representing at least a majority of the total number of Horizon Global's outstanding shares of common stock, the tender of Series B preferred stock at a cash consideration equal to the applicable redemption price and other customary conditions. Other than filings with the SEC, no regulatory filings or approvals are anticipated in connection with the Transaction. Horizon Global expects the Transaction to be completed in the first quarter of 2023.

Jefferies LLC acted as financial advisor and Lincoln International LLC provided a Fairness Opinion to Horizon Global, and Jones Day acted as legal counsel to Horizon Global. Paul Hastings LLP acted as legal counsel to First Brands.

**The Materially Incomplete and Misleading Solicitation Statement**

20. The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on January 10, 2023. The Solicitation Statement, which recommends that Horizon stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts and the analyses that support the fairness opinion provided by the Company's financial advisor Lincoln International LLC ("Lincoln"); (b) the background of the Proposed Transaction; and (c) potential conflicts of interest faced by Lincoln, the Company's additional financial advisor Jefferies LLC ("Jefferies"), and Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts and Lincoln's Financial Analysis*

21. The Solicitation Statement fails to disclose material information concerning the financial forecasts for the Company, including the line items underlying the Company's projected (a) Adjusted EBITDA; and (b) Unlevered Free Cash Flow.

22. The Solicitation Statement fails to disclose material information concerning Lincoln's financial analysis.

23. With respect to the *Discounted Cash Flow Analysis* performed by Lincoln, the Solicitation Statement fails to disclose: (a) the unlevered free cash flows calculated and utilized by Lincoln for its analysis; (b) 2025 projected Adjusted EBITDA calculated and utilized by Lincoln in calculating the Company's terminal value; and (c) the terminal values for the Company.

24. With respect to the *Selected Public Companies Analysis* and *Selected M&A Transactions Analysis* performed by Lincoln, the Solicitation Statement fails to disclose the Company's 2023 and 2024 Adjusted EBITDA, calculated and utilized by Lincoln for the analyses.

*Material Misrepresentations and/or Omissions Concerning Lincoln's, Jefferies' and Company Insiders' Potential Conflicts of Interest*

25. The Solicitation Statement fails to disclose material information concerning the potential conflicts of interest faced by the Company's financial advisors, Lincoln and Jefferies.

26. For example, the Solicitation Statement fails to disclose whether Lincoln has performed any services for First Brands in the two years prior to rendering its fairness opinion and if so, details of the services provided and any compensation received in connection with such services.

27. Additionally, according to the Solicitation Statement, "[i]n mid-July 2022, Horizon determined to engage Jefferies in connection with its strategic review process, and requested Jefferies to begin contacting potential bidders."[4] Jefferies subsequently conducted a strategic alternatives process for Horizon, ultimately contacting 50 parties, conducting negotiations with these parties, including First Brands, and advising the Board and Company

---

[4] *See* Solicitation Statement at 11.

7

management with respect to the Company's financial position. *See id.* at 11-16. Then at a November 21, 2022 Board meeting, the Board "discussed that, at the direction and approval of Horizon and the Strategic Alternative Committee, Jefferies was engaged by [First Brands] to assist with arranging financing for the potential transaction[.]"[5] Following the Board's discussion, Jefferies continued to negotiate the terms of the Proposed Transaction with First Brands and the Company, including with respect to First Brands' reduction of its offer price from $2.00 per share to $1.75 per share.[6] The Solicitation Statement, however, fails to disclose: (a) the amount of compensation Jefferies expects to receive in connection with financing the Proposed Transaction; (b) whether Jefferies has received or expects to receive any compensation from Horizon for rendering services to the Company throughout the sale process and the details thereof; (c) the Board's basis for approving Jefferies' financing engagement with First Brands when it was simultaneously serving as the Company's financial advisor; and (d) the Board's basis for continuing to allow Jefferies to negotiate the terms of the Proposed Transaction on the Board's behalf, despite Jefferies' financing engagement with First Brands.

28.     Moreover, the Solicitation Statement fails to disclose material information concerning Company insiders' potential conflicts of interest.

29.     Specifically, the Solicitation Statement fails to disclose whether any of First Brands' proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

30.     The omission of the above-referenced information renders statements in the

---

[5] *Id*. at 15.

[6] *See id.* at 15-16.

"Certain Information Provided by Horizon," "Opinion of Lincoln International LLC, Horizon's Financial Advisor," "Background of the Offer and the Merger," and "Arrangements Between Horizon and its Executive Officers, Directors and Affiliates" sections of the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act.

31. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Horizon will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder

32. Plaintiff repeats all previous allegations as if set forth in full.

33. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting Horizon stockholders to tender their shares in the Tender Offer.

34. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

35. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

36. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or

    recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

37. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

38. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

39. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

40. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of Horizon, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

41. Plaintiff repeats all previous allegations as if set forth in full.

42. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

43. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to Horizon stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning Lincoln's financial analyses, the background of the Proposed Transaction, and Lincoln's and Company insiders' potential conflicts of interest.

44. Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

45. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the

opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

46. Plaintiff repeats all previous allegations as if set forth in full.

47. The Individual Defendants acted as controlling persons of HORIZON within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Horizon, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Solicitation Statement.

50. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Solicitation Statement purports to describe the various issues and information that they reviewed and considered – descriptions into which the Company directors had input.

51. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Horizon stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

   C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

   D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

   E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: January 19, 2023      **LONG LAW, LLC**

            By: */s/ Brian D. Long*
              Brian D. Long (#4347)
              3828 Kennett Pike, Suite 208
              Wilmington, DE 19807
              Telephone: (302) 729-9100
              Email: BDLong@LongLawDE.com

              *Attorneys for Plaintiff*